James H. FISHER, Petitioner,

v.

Ana RAMIREZ–PALMER, Warden, et al., Respondents.

No. CIVS01–1090WBSGGHP.

United States District Court, E.D. California.

Sept. 11, 2002.

James H. Fisher, Vacaville, CA, Pro se.

Robert R. Anderson, Pamela B. Hooley, Attorney General's Office, Sacramento, CA, for Respondents.

## ORDER

SHUBB, District Judge.

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On July 22, 2002, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72–304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 22, 2002, are adopted in full; and

2. Respondent's December 7, 2001 motion to dismiss petitioner's application for a writ of habeas corpus is granted and the petition is dismissed as barred by the statute of limitations.

### FINDINGS AND RECOMMENDATIONS

HOLLOWS, United States Magistrate Judge.

Petitioner, a state prisoner, is proceeding pro se on an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss, filed on December 7, 2001. Petitioner filed an opposition on January 2, 2002, and respondent filed a reply on January 4, 2002. After a careful review of the record, the court recommends that respondent's motion be granted because the instant petition is barred by the statute of limitations.

*Petition*

On June 4, 2001, petitioner filed a petition in which he challenges a prison disciplinary procedure and ruling, rather than a conviction and sentence. He states that, on May 15, 1997, he was attacked and assaulted by several correctional officers, who thereafter, in an alleged effort "to justify and cover up" use of excessive force against petitioner, filed a false disciplinary report charging petitioner with possession of a weapon and resisting staff. Petition at pp. 1, 4. After a hearing on June 11, 1997, petitioner was found guilty and assessed a 90–day behavior credit forfeiture. Exhibit A to petition. Petitioner claims that he was denied due process when the correctional officers filed a "false disciplinary charge," falsified documentary evidence, denied petitioner witnesses at the hearing, found petitioner guilty at the hearing, and sought criminal prosecution of petitioner upon the guilty finding. Petition at p. 4 and attachment, p. 1. Petitioner states that he exhausted his state remedy before the California Supreme Court on January 13, 1999, when his petition was denied. Petition, p. 3; see also respondent's exhibit 2.

*Motion to Dismiss*

Respondent brings a motion to dismiss pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, contending that petitioner's application is barred by the statute of limitations. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted and thus is applicable to this petition filed in 2001. AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides,

A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other col-

lateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In *Nino v. Galaza*, 183 F.3d 1003 (9th Cir.1999), the Ninth Circuit held that for purposes of § 2244(d) the time must be tolled for the entire period in which a petitioner is appropriately pursuing and exhausting his state remedies, i.e., from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge.

Respondent argues that, per Cal.Rules of Court, Rule 24(a),[1] the order of the California Supreme Court became final on February 12, 1999, thirty (30) days after issuance (on January 13, 1999) of the state supreme court's denial; however, petitioner did not file his federal habeas petition until June 4, 2001, some 843 days later, and, thus, respondent avers, this petition is barred by the one-year statute of limitations of 28 U.S.C. § 2244(d)(1). Motion at pp. 4–5, 7.

Petitioner contends that the instant petition is timely because he initially filed an earlier petition challenging the same prison disciplinary proceeding in September, 1999. The court takes judicial notice of Case No. S–99–1859 FCD DAD P,[2] in which petitioner filed an application for writ of habeas corpus in federal court on September 22, 1999. Upon the filing of the petition on September 22, 1999, the court dismissed the petition with leave to amend because petitioner had challenged an alleged trial court sentencing error, an alleged state failure to set a parole release date, alleged failure of prison officials to restore points and time credits lost as a result of a number of prison disciplinary convictions and petitioner alleged denial of due process in certain prison disciplinary proceedings, all in the same petition. See Order filed October 14, 1999 in Case No. S–99–1859 FCD DAD P. To the petition in the earlier filed case, petitioner attached a copy of the same January 13, 1999, denial of review by the state supreme court of his habeas petition as he relies on in the instant petition. See petition in Case No. S–99–1859 FCD DAD P, filed on September 22, 1999. By order filed January 5, 2000, the amended petition, filed on November 17, 1999, was dismissed and leave granted petitioner to file a second amended petition, cautioning petitioner to, inter alia, set forth " 'a claim for relief against the judgment or judgments of a single state court,' " and to use the appropriate form. See Order filed January 5, 2000, in Case No. S–99–1859 FCD DAD P. Because in his second amended petition, filed on January 26, 2000, petitioner persisted in combining numerous challenges into one petition, the magistrate recommended dismissal without prejudice, inter alia, of the petitioner's challenge on due process grounds to prison disciplinary hearings from 1984 to the present. See Findings and Recommendations, filed on February 10, 2000, Case No. S–99–1859 FCD DAD P. Subsequently, by order filed March 22, 2000, the magistrate held his Findings and Recommendations in abeyance to afford petitioner a final opportunity to file a third

---

1. Cal.Rule of Court 24(a) states, in relevant part: "A decision of the Supreme Court becomes final 30 days after filing unless the court orders a shorter time or, prior to the expiration of the 30–day period or any extension, orders one or more additional periods not to exceed a total of 60 additional days. An order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed."

2. A court may take judicial notice of court records. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994); *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir.1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980).

amended petition. See Order, filed on March 22, 2000, in Case No. S–99–1859 FCD DAD P. Thereafter, petitioner filed a third amended petition I on May 2, 2000, and a third amended petition II on May 26, 2000. In the third amended petition I, petitioner challenged the May 15, 1997 rules violation report challenged in the instant petition and another rules violation report altogether in the May 26, 2000 version of a third amended petition. See Order filed March 13, 2001, in Case No. S–99–1859 FCD DAD P. Noting that petitioner had been twice advised that he must challenge individual disciplinary convictions in separate petitions, the court struck the third amended petitions and proceeded on the second amended petition, forwarding the earlier Findings and Recommendations to the district judge, which Findings and Recommendations were adopted by order of the district judge on April 5, 2001, and judgment thereon entered. See Order, filed April 5, 2001 and entry of judgment in Case No. S–99–1859 FCD DAD P. The relevant portion of that order dismissed any challenge to prison disciplinary hearings and convictions as of that date without prejudice. When petitioner sought reconsideration of the final order to allow the case to proceed on one of his third amended petitions, his motion and request were denied by order filed May 11, 2001. See order filed May 11, 2001 in Case No. S–99–1859 FCD DAD P.

■ Petitioner now claims that he filed the instant petition[3] timely because, upon his initial filing on September 22, 1999 of Case No. S–99–1859 FCD DAD P, he still had time remaining. He argues that all time in which his first federal petition was pending does not count in computing the limitations period. Opposition at pp. 2–3. If, in fact, the earlier federal petition tolled the statute of limitations, petitioner would be correct that the instant petition would be timely because he would have had some five months left in which to file the instant petition, and he filed it within two months of the prior petition's dismissal. However, the United States Supreme Court has recently ruled unequivocally that a prior federal habeas petition does not toll the statute of limitations:

> We hold that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.

*Duncan v. Walker,* 533 U.S. 167, 182, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001).

■ Nor could petitioner argue that the instant petition relates back to his earlier filed petition. Barring some extraordinary mistake on the part of the court in dismissing the first petition, *See Anthony v. Cambra,* 236 F.3d 568, 574 n. 1 (9th Cir.2001), a dismissed petition cannot stand as the basis for a relation back order. *Green v. White,* 223 F.3d 1001, 1002 (9th Cir.2000); *Henry v. Lungren,* 164 F.3d 1240, 1241 (9th Cir.1999).

Therefore, the instant petition should have been filed within one year of February 13, 1999; instead, it was filed after 842 days, on June 4, 2001. Thus, petitioner's application is in excess of the statute of limitations by some 477 days, that is—by more than one year and three months.

---

**3.** The court does not deem the instant petition successive under 28 U.S.C. § 2244(b) because the court did not reach the merits of petitioner's claim for relief in dismissing without prejudice petitioner's challenge to the prison disciplinary proceeding which is the subject of this petition.

Clearly, the present petition is barred unless it is subject to equitable tolling.

■ In *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds, Calderon v. U.S. District Court (Kelly)*, 163 F.3d 530 (9th Cir.1998), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time.

Equitable tolling will not be available in most cases because tolling should only be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time. *Beeler*, 128 F.3d at 1288–89. As held in *Beeler*, "[w]e have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289. "Mere excusable neglect" is insufficient as an extraordinary circumstance. *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 619 (3rd Cir.1998). Moreover, ignorance of the law does not constitute such extraordinary circumstances. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986).

In the *Calderon (Beeler)* case, the Court of Appeals held that the district court properly found equitable tolling to allow Beeler more time to file his petition. Beeler's lead counsel withdrew after accepting employment in another state, and much of the work he left behind was not usable by replacement counsel—a turn of events over which the court found Beeler had no control. The Court of Appeals held that the district court properly found these were: "extraordinary circumstances" suffi-

cient to toll the statute of limitations.[4] The Ninth Circuit also found extraordinary circumstances in *Calderon v. U.S. Dist. Ct. for Cent. Dist. of Ca. (Kelly)*, 163 F.3d 530 (9th Cir.1998) (en banc). The three reasons given which independently justified tolling were: a district court stay which prevented petitioner's counsel from filing a habeas petition, mental incompetency until a reasonable time after the court makes a competency determination, and the fact that petitioner did at one time have timely habeas proceedings pending which were mistakenly dismissed, not as a result of any doing by petitioner. *Id.* at 541–42. *See also Corjasso v. Ayers*, 278 F.3d 874 (9th Cir.2002) (clerk's unjustified rejection of a petition justified partial tolling); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (delay by prison in withdrawing funds from prisoner's trust account, preparing and mailing filing fee were circumstances beyond his control, qualifying him for equitable tolling).

Conversely, in *U.S. v. Van Poyck*, 980 F.Supp. 1108, 1110–11 (C.D.Cal.1997), the court found that a petitioner's circumstances were not extraordinary in the following circumstances: inability to obtain transcripts from court reporters, and general prison lockdowns preventing the prisoner's access to the library and a typewriter which were necessary to his motion. *See also Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir.1988) (reliance on incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999) (prisoner's unfamiliarity of law did not toll statute); *Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1273 (D.Haw.1999) (lack of legal expertise does not qualify prisoner for equitable tolling);

---

**4.** *See also Baskin v. United States*, 998 F.Supp. 188 (D.Conn.1998), wherein the court applied equitable tolling where petitioner's attorney failed to notify him of the denial of a petition for certiorari until thirteen months after the denial was entered.

*Henderson v. Johnson,* 1 F.Supp.2d 650, 656 (N.D.Tex.1998) (same); *Fadayiro v. United States,* 30 F.Supp.2d 772, 779–80 (D.N.J.1998) (delay in receipt of transcripts does not justify equitable tolling).

█ As respondent observes, petitioner in the instant case neither alleges nor seeks to set forth any "extraordinary circumstances" beyond his control, making it impossible to file his federal petition timely. Motion at p. 7. Indeed, the record of the prior petition indicates that petitioner was accorded much latitude in order to frame his challenge properly, his endeavors falling short repeatedly. As noted, ignorance of the law does not constitute such extraordinary circumstances. *See Hughes v. Idaho State Bd. of Corrections,* 800 F.2d at 909. That petitioner wrongly believed the pendency of his prior federal petition tolled the statute of limitations also does not constitute an exceptional or extraordinary circumstance entitling petitioner to equitable tolling.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's December 7, 2001 motion to dismiss petitioner's application for a writ of habeas corpus be granted and the petition be dismissed as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).