**UNITED STATES of America, Plaintiff,**

v.

**Rafael ESPINOZA–GODINEZ, Defendant.**

**No. CR.95–174–2–FR.**
**No. CIV.98–83–FR.**

United States District Court,
D. Oregon.

July 23, 1998.

Rafael Espinoza–Godinez, Sheridan, OR, pro se.

Kristine Olson, U.S. Atty., John F. Deits, Asst. U.S. Atty., Portland, OR, for U.S.

## OPINION

FRYE, District Judge.

Before the court is the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (# 68); the defendant's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (# 75); the defendant's motion for appointment of counsel (# ); and the government's motion to dismiss the defendant's amended motion (# 77).

## BACKGROUND

The defendant, Rafael Espinoza–Godinez, was indicted for the crimes of distribution of heroin and aiding and abetting the commission of an offense, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. A jury found Espinoza–Godinez guilty on October 12, 1995. On January 3, 1996, the court granted the motion of Espinoza–Godinez's trial counsel to withdraw and ordered new counsel to be appointed to represent Espinoza–Godinez at his sentencing hearing. On April 8, 1996, the court sentenced Espinoza–Godinez to a 70–month term of imprisonment. He appealed, and the United States Court of Appeals for the Ninth Circuit affirmed the judgment and sentence of this court in an unpublished memorandum opinion and mandate issued on February 10, 1997.

Espinoza–Godinez filed a motion to vacate or correct his sentence on January 20, 1998 and filed an amended motion to vacate or correct his sentence on March 19, 1998. Those two motions are before this court.

## CONTENTIONS OF THE PARTIES

In his motion to vacate, set aside, or correct his sentence, Espinoza–Godinez alleges four claims of the ineffective assistance of counsel against both his trial lawyer and the lawyer who represented him at the time of sentencing. The government contends that the evidence against Espinoza–Godinez was so overwhelming that nothing his trial counsel did or did not do would have resulted in his acquittal. As to his sentencing counsel, the government contends that Espinoza–Godinez has not shown any prejudice to him from the alleged errors at the time of sentencing.

In his amended motion to vacate, set aside, or correct his sentence, Espinoza–Godinez alleges that his Fifth Amendment right to remain silent was violated, and that he was denied the effective assistance of counsel for numerous reasons. The government contends that Espinoza–Godinez's amended motion should be dismissed because it is barred by the statute of limitations; that it was not certified by the court of appeals as a second or successive motion; and that it constitutes

an abuse of the writ process contrary to the federal rules.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

 Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotation omitted), *cert. denied*, —— U.S. ——, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id.* Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied*, 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981).

## ANALYSIS AND RULING

### 1. *Motion to Appoint Counsel*

 The court may appoint counsel for a habeas petitioner if the court determines that the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). The appointment of counsel is discretionary unless the court conducts an evidentiary hearing on the petition. *Abdullah v. Norris*, 18 F.3d 571, 573

(8th Cir.), *cert. denied*, 513 U.S. 857, 115 S.Ct. 163, 130 L.Ed.2d 101 (1994). If Espinoza–Godinez has presented claims that are frivolous or clearly without merit, the court should dismiss the case on the merits without appointing counsel. If there is a non-frivolous claim, the court should determine whether the appointment of counsel would benefit Espinoza–Godinez and the court to such an extent that the interests of justice require the appointment of counsel. Factors considered in making this determination include the legal and factual complexity of the case and Espinoza–Godinez's ability to investigate and present his claim.

[6] For the reasons explained below, Espinoza–Godinez is not entitled to an evidentiary hearing. His claims are not legally or factually complex. Although he presents his arguments well, his claims are without merit. The court concludes that the interests of justice do not require the appointment of counsel.

### 2. *Motion to Dismiss Amended Motion*

 In his amended motion, Espinoza–Godinez alleges some of the claims which are contained in his original motion. The remainder of the claims are new. Espinoza–Godinez contends that the amendment should be allowed under Fed.R.Civ.P. 15. The government contends that the amended motion should be treated as a second or successive motion under the statute. The court has found no authority allowing a motion to be amended adding new claims but treated as if it were the original version filed on the original date. Although this is a civil action, the more restrictive provisions of the statute govern. Consequently, the court will consider the amended motion to be a second motion under section 2255.

Motions under section 2255 must be filed within one year of the latest of several dates. Here, the date on which the judgment of conviction became final is the latest of the several dates. 28 U.S.C. § 2255(1). The Ninth Circuit issued the mandate in this case on February 10, 1997. Espinoza–Godinez filed his second motion under section 2255 on March 19, 1998. Thus, the second motion is untimely by over a month.

▇▇▇ The one-year provision is a statute of limitations that is subject to equitable tolling if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Calderon v. United States Dist. Court for the Cent. Dist. of Cal.,* 128 F.3d 1283, 1287–88 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998). Espinoza–Godinez contends that the first inmate to help him with his legal affairs was transferred to another prison, and that he filed the first petition to avoid the statute of limitations, but with the intention of amending it later. This scenario is not an extraordinary circumstance beyond the control of Espinoza–Godinez which would make it impossible for him to file the claims on time. If Espinoza–Godinez was able to file the first petition, which includes a properly completed form petition, a twenty-page memorandum, and copies of relevant portions of the transcript, he had the ability to include all of the claims. He also does not allege that the government's wrongful conduct prevented him from asserting the claims within the limitations period. *See Alvarez–Machain v. United States,* 107 F.3d 696, 701 (9th Cir.1996), *cert. denied sub nom. Berellez v. Alvarez–Machain,* —— U.S. ——, 118 S.Ct. 60, 139 L.Ed.2d 23 (1997). All of the facts underlying the second motion were known to Espinoza–Godinez by the time he was sentenced. The court will not toll the statute of limitations.

▇▇▇ Moreover, Espinoza–Godinez's second motion suffers from a second procedural problem. Section 2255 provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Ninth Circuit has not certified Espinoza–Godinez's second motion. Furthermore, there is nothing in the record to indicate that the second motion falls within either of the two categories which qualify for certification.

The second motion is untimely and lacks the required court of appeals certification. It will be dismissed.

### 3. *Merits of the Original Motion to Vacate, Set Aside, or Correct the Sentence*

In all of his claims, Espinoza–Godinez contends that he received ineffective assistance of counsel. He contends that his counsel at the time of trial failed to properly prepare for trial in various ways (grounds one and two). Espinoza–Godinez contends that his counsel at the time of sentencing (1) failed to advise him how to receive a reduction in his offense level for the acceptance of responsibility (ground three); and (2) failed to bring his medical condition to the court's attention, thus denying the court the opportunity to depart downward based on U.S.S.G. § 5H1.4 (ground four).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* 466 U.S. at 689. To establish the second prong of the *Strickland* test, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* 466 U.S. at 694.

#### a. *Trial Preparation*

Espinoza–Godinez contends that his trial counsel failed to properly prepare for trial in several ways: (1) by failing to interview the co-defendant, "Barbosa," and the informant, "Chuco;" (2) by not requesting discovery from the government; (3) by not informing Espinoza–Godinez of the existence of the taped telephone conversation; (4) by informing Espinoza–Godinez that the government did not have enough evidence to convict him, resulting in Espinoza–Godinez turning down

a 24–four month plea offer of the government; and (5) by not comparing the duplicate tapes with the original tapes for accuracy or reviewing them with Espinoza–Godinez.

Several of Espinoza–Godinez's allegations and arguments contradict an affidavit filed by his trial counsel, John Storkel. Trial counsel states under oath that (1) his investigator checked out all of the important leads in the case; (2) Barbossa and Chuco would have given incriminating testimony against Espinoza–Godinez; (3) Espinoza–Godinez insisted that he call Kathy Packard as a witness, even though trial counsel warned him that Packard would incriminate him during cross-examination; (4) trial counsel had a detailed discussion with Espinoza–Godinez before trial about the information on the tapes; (5) he told Espinoza–Godinez that he did not have "a chance" at trial; (5) there was no question about the authenticity of the tapes; (6) Espinoza–Godinez insisted on testifying, and his testimony was critical to the entrapment defense; and (7) the plea offer was 46 to 57 months.

■ If credibility can be conclusively decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. *Shah v. United States,* 878 F.2d 1156, 1159 (9th Cir.), *cert. denied,* 493 U.S. 869, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989). Judges may supplement the record with their own recollections of the plea and sentencing hearings and may use common sense. *Id.*

Espinoza–Godinez's credibility is diminished as shown in several portions of the record. In his original memorandum, he states that the plea offer was twenty-four months; in his amended petition, he states that he was never informed of the contents of the plea offer. It is also unbelievable that his trial counsel would tell him that the plea offer was half the length of the actual offer. Espinoza–Godinez contends that his trial counsel denied having received any discovery, when there is a letter dated nearly four months before the trial relating to the conveying of copies of the tapes to trial counsel. Again, it is unbelievable that Espinoza–Godinez's trial counsel would lie about this. Espinoza–Godinez states that his trial counsel did not ask Packard to testify about his reluctance to be involved in a drug transaction. But trial counsel called Packard as a witness and asked her whether Espinoza–Godinez was inclined to participate in drug deals. Espinoza–Godinez states that his trial counsel never asserted that the tapes were so inaudible or edited so substantially that the content of the conversation was affected. But his counsel objected that "important sections of the tape have been left out that do not contain the full dialogue of the conversation." Tr. at 89.

■ Based on the record, the court finds that Espinoza–Godinez's credibility is extremely low. This finding, combined with the presumption that counsel's conduct falls within the wide range of reasonable professional assistance, requires the court to believe his counsel's version of the facts when that version conflicts with Espinoza–Godinez's version of the facts.

The court will now turn to the ways in which Espinoza–Godinez contends that his attorney failed to properly prepare for trial.

■ Espinoza–Godinez contends that his attorney failed to interview Barbosa and Chuco. Chuco was the confidential informant. The defense is not entitled to have the informant produced in advance of trial. *United States v. Taren–Palma,* 997 F.2d 525, 534 (9th Cir.1993), *cert. denied,* 511 U.S. 1071, 114 S.Ct. 1648, 128 L.Ed.2d 368 (1994). Trial counsel also states that he checked out all important leads, and that both Barbosa and Chuco, if called to testify, would have given incriminating testimony against Espinoza–Godinez. This is corroborated by the presentence report. Barbosa would have testified that Espinoza–Godinez told him that he needed drugs for someone. Chuco would have testified that Espinoza–Godinez sold him drugs on two prior occasions. Trial counsel did not fall below an objective standard of reasonableness in his treatment of Barbosa and Chuco. He could not have called either to the stand, no matter what he had learned during an interview, because their testimony would have destroyed Espinoza–Godinez's entrapment defense.

■ Espinoza–Godinez contends that his attorney did not properly prepare for trial because he did not request discovery from the government. This contention is without

merit. It is immaterial whether a defense attorney makes a formal request for discovery material or whether the government produces discovery material without a previous request. There is no contention here that the government withheld any discovery material. Consequently, trial counsel performed reasonably.

Espinoza–Godinez contends that his attorney did not tell him that there were tapes of the telephone conversations. His attorney denies this and states that they had a detailed conversation about the tapes of the telephone conversation. Based on the court's conclusion that Espinoza–Godinez's credibility is minimal, the court accepts his attorney's statement and concludes that this contention is without merit. It is unbelievable that the attorney for Espinoza–Godinez would hide the fact that incriminating telephone conversations had been taped.

Espinoza–Godinez contends that his attorney told him that the government did not have enough evidence to convict him, and that he turned down a twenty-four month plea offer based on this advice. Again, his attorney directly contradicts this and states that he told Espinoza–Godinez that he did not have a chance at trial. Espinoza–Godinez contradicts himself in the amended motion by stating that he was never informed of the contents of the plea offer. Moreover, there was never a twenty-four month plea offer proffered by the government; defense counsel states that the offer was for 46 to 57 months. This contention of Espinoza–Godinez is without merit.

■ Espinoza–Godinez contends that his attorney did not compare the duplicate tapes with the original tapes. The tapes were copied from microcassettes to normal-sized cassettes to allow them to be played on equipment in the courtroom which had speakers enabling the jury to hear the tapes. Trial counsel states in his affidavit that there was no basis to believe that the tapes had been edited. Espinoza–Godinez does not give details of the portions of the conversations that he claims were edited out of the tapes. The court finds that trial counsel was performing within the objective standard of reasonableness by not pursuing possible alteration of tapes when he had *no basis* to believe that they had been altered.

In summary, none of Espinoza–Godinez's contentions concerning the effectiveness of his trial counsel have merit.

b. *Acceptance of Responsibility*

■ Espinoza–Godinez contends that he received ineffective assistance of counsel when his sentencing counsel failed to explain to him that the interview for the presentence report or his statement at the sentencing hearing could allow him to obtain a reduction in his sentence for accepting responsibility for his criminal acts. Espinoza–Godinez now believes that if he had properly shown his remorse at these times, he would have received a shorter sentence.

Application Note 2 of U.S.S.G. § 3E1.1, acceptance of responsibility, states:

This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt . . . .

The Ninth Circuit held on appeal that there was an adequate foundation for the court's finding that Espinoza–Godinez did not accept responsibility for his conduct. This was evidenced by his contesting factual issues, including his criminal predisposition, and his intent to distribute heroin. Any showing of remorse that Espinoza–Godinez made to the probation officer after conviction or at the sentencing hearing is exactly the type of conduct looked on with disfavor in the application note quoted above. Sentencing counsel's performance did not fall below an objective standard of reasonableness by not counseling Espinoza–Godinez to show more remorse at those post-conviction times.

#### c. *Medical Condition*

Espinoza–Godinez states that he has Charcot–Marie–Tooth disease, a progressive neuropathic muscular atrophy. He contends that he received ineffective assistance of counsel when his sentencing counsel did not present this fact to the court because the court could have departed downward based on U.S.S.G. § 5H1.4. For this analysis, the court will assume that Espinoza–Godinez has the disease and that it causes clawing of his hands, as he stated.

The sentencing guidelines state:

Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; *e.g.,* in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

U.S.S.G. § 5H1.4.

 Espinoza–Godinez's arguments fail for several reasons. He does not allege that he told his attorney about the medical condition or that his attorney could ascertain the need for further investigation by looking at him. His attorney cannot perform ineffectively by not raising an issue of which he has no knowledge.

Moreover, the presentence report states that Espinoza–Godinez is a double amputee with both legs amputated below the knees. There is no allegation that the disease's effect on Espinoza–Godinez is worse than the effect of his double amputation. He is able to use his hands well enough to repair automobiles to earn money in addition to his Social Security benefits. Courts have held that the following medical conditions are not extraordinary physical impairments under U.S.S.G. § 5H1.4: legal blindness, *United States v. Martinez–Guerrero,* 987 F.2d 618 (9th Cir.1993); a combination of age of fifty-five, cancer in remission, high blood pressure, fused right ankle, amputated left leg, and drug dependency, *United States v. Guajardo,* 950 F.2d 203 (5th Cir.1991), *cert. denied,* 503 U.S. 1009, 112 S.Ct. 1773, 118 L.Ed.2d 432 (1992); and HIV positive status,

*United States v. Thomas,* 49 F.3d 253 (6th Cir.1995). The court concludes that his Charcot–Marie–Tooth disease is not an extraordinary physical impairment which would allow the court to depart. The performance of Espinoza–Godinez's attorney did not fall below an objective standard of reasonableness by not raising his medical condition at the time of sentencing.

#### 4. *Evidentiary Hearing*

Espinoza–Godinez's allegations fail to state a claim for relief when viewed against the record. Consequently, he is not entitled to an evidentiary hearing.

### CONCLUSION

The defendant's motion for appointment of counsel (#) and the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (# 68) are denied. The defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (# 75) is dismissed, and the government's motion to dismiss the defendant's amended motion (# 77) is granted.