**Larry F. WARREN, Petitioner**

v.

**UNITED STATES of America, Respondent**

No. CR–1–96–99.

United States District Court, S.D. Ohio, Western Division.

Oct. 29, 1999.

Larry F. Warren, Levington, KY, pro se.

Timothy A. Oakley, Assistant U.S. Attorney, Cincinnati, for respondent.

## OPINION & ORDER

BECKWITH, District Judge.

Larry Warren, ("Petitioner") a federal prisoner, has filed a motion for extension of time (Doc. No. 37) within which to file a motion pursuant to 18 U.S.C. § 2255. The government has not been asked to respond.

### Background

Petitioner was sentenced on May 23, 1997 pursuant to his guilty plea to a charge of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 to a term of seventy (70) months imprisonment, together with three (3) years supervised release, a $10,000 fine and a $100 special assessment. He perfected a timely appeal to the United States Court of Appeals for the Sixth Circuit. On September 24, 1998, the judgment of the district court was affirmed by the Court of Appeals. *United States v. Warren,* 165 F.3d 29 (6th Cir.1998) (unpublished decision). No further appeal was sought. On September 7, 1999, Petitioner filed the within motion for a 120 day extension of time within which to file an unspecified postconviction pleading, and for a transcript "of the oral argument in this instant case." This motion was filed under the original criminal case number.

Petitioner filed this motion 347 days after the Court of Appeals issued its decision affirming the sentence of the district court. With only 18 days remaining in which to file a postconviction motion under the applicable statute of limitations. Petitioner proffers, as his only excuse for his delay in filing a postconviction motion or petition "that he was not notified by the appointed attorney of the court who represented me and I was forced to seek information otherwise after almost a year...." Although he says, "I have enclosed a copy of notice from the court and an envelope of mailing time and address," nothing was attached to his motion. The Court is, thus, left without information as to when Petitioner actually received notice of the Court of Appeals' decision. This deficiency, however, is not critical as the subsequent analysis of Petitioner's motion will make clear.

### Analysis

Until 1996, a federal prisoner was allowed to file an initial application challenging his sentence on federal grounds "at any time." 28 U.S.C. § 2255 (1994). Effective April 24, 1996, however, § 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104–132. § 105, 110 Stat. 1214, 1220 (to be codified at 28 U.S.C. § 2255), imposed a one-year limitations period on the filing of such applications.

Here, Petitioner seeks a 120 day extension of the limitations period citing no authority for such an extension. The Court notes, however, that the overwhelming majority of circuit and district courts that have addressed this question have held that equitable tolling does indeed apply in rare and exceptional circumstances. *See e.g., Davis v. Johnson,* 158 F.3d 806

(5th Cir.1998), *cert denied,* —— U.S. ——, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); *Miller v. New Jersey State Dep't. of Corrections,* 145 F.3d 616 (3d Cir.1998) (*"Miller"*); *Miller v. Marr,* 141 F.3d 976 (10th Cir.), *cert. denied,*—— U.S. ——, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998) (*"Marr"*); *Calderon v. United States Dist. Court for the Cent. Dist. of Cal.,* 128 F.3d 1283 (9th Cir.1997), overruled on other grounds, 163 F.3d 530 (9th Cir.1998). These courts have reasoned that the AEDPA's one-year limitation period "does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled." *Davis,* 158 F.3d at 810; see also *Marr,* 141 F.3d at 978; *Miller,* 145 F.3d at 618; *Calderon,* 128 F.3d at 1288. This Court is so persuaded and finds that the AEDPA's one-year limitation period is subject to the doctrine of equitable tolling. Several district courts with the Sixth Circuit have addressed the issue and held that equitable tolling does apply in the AEDPA context where extraordinary circumstances obtain. *See, e.g., Moore v. Hawley,* 7 F.Supp.2d 901, 904 (E.D.Mich.1998); *McDade v. Brigano,* 1999 WL 126428 (S.D.Ohio Mar.8, 1999)(Merz, M.J.).

In *Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999), the court opined that "equitable tolling does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate. We must be cautious not to apply the statute of limitations too harshly. Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty" (internal punctuation and citations omitted).[1] In *Fisher,* the petitioner claimed that the statute of limitations should be tolled for 43 days representing the time lapse between the effective date of the AEDPA and the time ·when a copy of the Act arrived at the prison library. That court observed that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id.* at 714 (citations omitted). The court concluded that equity did not call for tolling on these facts. It noted that in that case, petitioner had had 322 days to complete his § 2254 petition which it deemed "more than enough time." *Id.*[2] Moreover, the court stated that petitioner's circumstances were not rare.

Most courts that have considered the matter have required the petitioner to show that he was prevented from complying with the statute of limitations deadline by something beyond his control that made it impossible for him to file on time even with due diligence.[3] "The Supreme Court

---

1. Although this case arose under 28 U.S.C.A. § 2254, the provision for habeas corpus review of state court convictions, its analysis of the AEDPA statute of limitations is equally applicable to federal postconviction motions for relief.

2. "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir.1989).

3. *See Torres v. Miller,* No. 99 CIV 0580 MBM, 1999 WL 714349, at *5 (S.D.N.Y. Aug.27, 1999) (citing *Calderon v. United States District Court,* 128 F.3d at 1288); accord, e.g., *Sandvik v. United States,* 177 F.3d 1269, 1271–72 (11th Cir.1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *Paige v. United States,* 171 F.3d 559, 561 (8th Cir.1999); *United States v. Griffin,* 58 F.Supp.2d 863, 868–70 (N.D.Ill.1999); *Rhodes v. Senkowski,* slip. op. at 10; *McDade v. Brigano,* No. C–3–98–514 1999 WL 126428 *2 (S.D.Ohio Mar. 8, 1999); *Chavez v. Mueller,* No. C. 98–3070, 1999 WL 115431 at *2 (N.D.Cal. March 4, 1999); *Eisermann v. Penarosa,* 33 F.Supp.2d 1269, 1273 (D.Haw.1999); *Raynor v. Dufrain,* 28 F.Supp.2d at 900; *United States v. Espinoza–Godinez,* 11 F.Supp.2d 1210, 1214 (D.Or.1998); *Henderson v. Johnson,* 1 F.Supp.2d at 653–54 (also adopting a list of seven "nonexclusive factors to assist in deciding whether a prisoner has met the high tolling standard"); *United States v. Muldrow,* No. Crim. A. 98–20063, 1998 WL 351574 *2 (D.Kan. June 16, 1998). The burden is on the petitioner to make such a showing, and federal courts are to "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v.*

has made clear that tolling is an extraordinary remedy which should be extended only sparingly. Though his dereliction be only incidental, a generally diligent plaintiff who files late because of his own negligence typically may not invoke equity to avoid the statute of limitations. Principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect," *McLester v. Hopper*, 67 F.Supp.2d 1308, 1309–10 (M.D.Ala.1999) (internal punctuation and citations omitted). Moreover, the Eleventh Circuit has opined that ineffective assistance of counsel likely would not be grounds for equitable tolling. *See Lee v. United States Postal Serv.*, 774 F.2d 1067, 1069 n. 3 (11th Cir.1985) (citing *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1303 (5th Cir. 1979)).

■ In the present case Petitioner, although well aware of the AEDPA limitation period as evidenced by the present motion, seeks an extension of half-again the time permitted by the statute. He

makes no representation that he has one or more meritorious claims under any statutory postconviction authority. Moreover, he appears well able to have researched the "high hurdle" to be surmounted in order to entitle him to the exceedingly rare relief of equitable tolling.[4] *Calderon* at *1288. Yet, nothing either explicit or implicit in Petitioner's motion rises to the level of the rare, exceptional, inequitable circumstance that would justify a period extension of the AEDPA statutory limitation. The Court, therefore, **DENIES** the motion. No extension of time within which to file is granted.[5]

**IT IS SO ORDERED.**

---

*United States Dist. Court*, 128 F.3d at 1289; see e.g., *Rhodes v. Senkowski*, slip. op. at 10–11; *McDade v. Brigano*, 1999 WL 126428 at *2; *Eisermann v. Penarosa*, 33 F.Supp.2d at 1273; see also, e.g., *Braham v. State Ins. Fund*, 97 Civ. 7121, 1999 WL 14011 at *3 (S.D.N.Y. Jan.14, 1999) (Cote, D.J.) ("A [Title VII] plaintiff seeking to toll the statute of limitations on equitable grounds such as illness bears the burden to show that the limitations period should be extended.") (citing *Hedgepeth v. Runyon*, 96 Civ. 1161, 1997 WL 759438 at *4 (S.D.N.Y. Dec.10, 1997)(citing *Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 333 (D.C.Cir.1992))).

In *Torres*, the court concluded that the petitioner's physical and mental problems were insufficient to invoke equitable tolling where he was unable to show that he was rendered wholly unable to pursue his legal rights during the relevant time period due to his legal blindness and temporary insanity. While the court expressed some doubt as to his somewhat conclusory assertions, it made plain that he had, in any event, failed to show extraordinary circumstances such as to justify equitable tolling.

Indeed, in even earlier cases, courts have declined to find equitable tolling justified. *See Bolds v. Newland*, No. C97–2103 1997 WL

732529, *1–*2 (N.D.Cal. Nov. 12, 1997) (insufficient to justify equitable tolling, lack of proper notice and lack of legal assistance); *United States v. Van Poyck*, 980 F.Supp. 1108, 1109 (C.D.Cal.1997) (difficulty obtaining transcripts, occurrence of four prison lockdowns of several days duration within two month period limiting access to law library insufficient to justify equitable tolling).

4. Equitable tolling will not be available in most cases, as extensions of time will only be granted if "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. *Alvarez–Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996). We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

5. While the Court recognizes that the limitation period has run out during the pendency of this motion, it was Petitioner's voluntary choice to risk the remaining days of the period in reliance upon a motion that was extremely unlikely to be granted. He has, thus, created his own difficulty through his own negligence.